IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TOMILEE RAMIREZ | § | |
| | § | |
| Vs. | § | C.A. NO. 5:23-CV-140 |
| | § | |
| MARISSA GARZA AND | § | JUDGE DIANA SALDANA |
| DESTINY A. GONZALEZ | § | |

**DEFENDANT MARISSA GARZA'S MOTION TO
DISMISS PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE MAGISTRATE JUDGE DIANA SONG QUIROGA:

COME NOW Marissa Garza, Defendant in the above-entitled and numbered cause presents this Motion to Dismiss Pursuant to Rule 12(b)(6) argues as follows to this Honorable Court:

**I.   Introduction**

1. Plaintiff filed the instant suit against Defendant Marissa Garza ("Defendant Garza" herein) on October 30, 2023 in state court, stating claims pursuant to 23 USCS § 1983. DE1, Exhibit E-2. According to Plaintiff's pleadings, Defendant Garza is a Justice of the Peace who presided over an unspecified criminal charge brought against the Plaintiff. *Id*. Plaintiff claims that Defendant Garza breached her "contract" with the citizens of Jim Hogg County by failing to abide by her oath of office, failed to give her a fair trial, failed to set her bond at Plaintiff's desired amount. *Id*. She also alleges that unnamed individuals at the jail failed to provide her with water or medical care related to a completely unspecified condition; however nebulous, these claims do not pertain to Defendant Garza. *Id*.

2. Defendant Garza brings this Motion to Dismiss Pursuant to Rule 12(b)(6) because Plaintiff has completely failed to state any claim upon which relief may be granted against Defendant Garza. Even accepting all factual allegations as true, Defendant Garza is still

entitled to judgment as a matter of law because she retains immunity for actions she takes on the bench and Plaintiff has wholly failed to set forth sufficient factual allegations that could even subject Defendant Garza to liability.

## II. Facts Alleged By Plaintiff

3. Plaintiff's petition is brief and contains few facts. She alleges that she was not given medical attention or quality water while held in jail; there is no allegation that Defendant Garza was the one who deprived her of either medical treatment or water. *Id*. She does not link either her supposed lack of medical care or quality water to any constitutional violation, but instead alleges they constitute a violation of the Universal Declaration of Human Rights and the "Principles and Best Practices on the Protection of Persons Deprived of Liberty in the Americas." *Id*.

4. Plaintiff attempts to allege a violation of her sixth amendment right to a fair trial, but fails to supply any specific facts to allege how her rights were infringed. *Id*. She makes a blanket, conclusory statement that "the right to be heard by a competent, independent, and impartial tribunal, the right to a public hearing, the right to be heard within a reasonable time, the right to counsel, and the right to interpretation" were violated, but there are no facts alleged to support this conclusory statement. *Id*. She does allege that a "false 911 call was made by Destiny Gozalez," not Defendant Garza, took place, however, it is not clear how that would support pro se Plaintiff's allegation that her Sixth Amendment right was violated. *Id*. Even if it would support those allegations, it is clear that the call was not made by Defendant Garza. *Id*.

5. Plaintiff also makes a blanket and conclusory statement that Defendant Garza "infringed on (her) constitutional rights, committed federal perjury by violating (her) oath of office."

*Id*. Plaintiff also attempts to allege that a supposed violation of this oath of office constitutes a breach of contract. *Id*. Defendant contends below that even if an oath, whose terms are never specified in Plaintiff's pleadings, was violated in a completely unspecified way, it would not constitute a breach of contract or a violation of Plaintiff's constitutional rights.

### III. <u>Argument and Law</u>

#### a. Defendant Garza is entitled to immunity for actions taken as a Justice of the Peace in adjudicating the Plaintiff's criminal proceedings

6. Rule 12(b)(6) allows for the dismissal of claim based on deficiencies in a plaintiff's pleadings alone if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, Rule 12(b)(6) authorizes the dismissal of claims on the "basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). While the Court must accept all well plead facts as true and find all inferences in favor of the plaintiff, the plaintiff is still bound to submit sufficient facts to justify a potential recovery. If the plaintiff would not be entitled to any relief even after accepting all facts as true, either because an essential element has not been alleged or because the defendant would be otherwise entitled to judgment as a matter of law, then the claim must be dismissed under Rule 12(b)(6).

7. While Defendant Garza should be entitled to relief merely due to the complete lack of competent facts alleged by the Plaintiff against her as discussed further below, Defendant Garza should also be entitled to judgment as a matter of law because she is entitled to complete immunity for actions she took in adjudicating the Plaintiff's criminal proceedings. According to Plaintiff's own pleadings, Defendant Garza acted as a magistrate who made rulings in a criminal proceeding brought against Plaintiff. *Id*. All of Plaintiff's claims against Defendant Garza arise out of her actions taken in her official

3

capacity acting as a judge. *Id*. Defendant Garza is entitled to complete immunity for actions she took as a judge in adjudicating the Plaintiff's criminal case. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 290 (1991); *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46, 102 S. Ct. 2690, 73 L. Ed. 2d 349 (1982); *Blakely v. Andrade*, 360 F. Supp. 3d 453, 475 (N.D. Tex. 2018) (holding that "the Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties."). Plaintiff describes Defendant Garza as a "magistrate" in her pleadings, however, "a judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983). This immunity extends to magistrates and Justices of the Peace. *Id*.

8. As a result, even if the alleged facts are accepted by this court as sufficient and accepted as true, Defendant Garza would still be immune from the claims currently brought against her as a matter of law. As a result, the Court should grant this Motion to Dismiss Pursuant to Rule 12(b)(6).

b. **Plaintiff does not allege facts against Defendant Garza that would subject her to liability**

9. Rule 12(b)(6) will also authorize summary dismissal of a suit if the plaintiff's pleadings are factually deficient such that it does not allege "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To withstand scrutiny under Rule 12(b)(6), the plaintiff must submit sufficient factual allegations to allow the court to do more than infer the mere possibility of misconduct. *Iqbal*, 556 U.S. at 678 (holding a complaint is deficient if "it tenders naked assertion[s] devoid of further factual enhancement.")(internal quotations omitted);

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (holding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). A mere recitation of the elements, statements of law, and conclusory statements that elements have been met will not withstand a Rule 12(b)(6) challenge.

10. In this case, the Plaintiff's claims are almost devoid of specific and discernable factual allegations. She makes numerous conclusory statements of law where she alleges her right to bail, right to a fair trial, and other alleged Sixth Amendment Rights, however, these statements of law where she sets out her alleged rights are statements of law, not fact, and will not serve to survive a Rule 12(b)(6) motion. Instead, the Court must look to the actual facts alleged against Defendant Garza to determine if Plaintiff has stated a claim upon which relief can be granted.

11. Plaintiff first states three discernable and distinct facts in her pleading: 1) that Defendant Gonzalez made a false 911 call, 2) that she was deprived clean drinking water by law enforcement, and 3) that she was denied medical attention by law enforcement. DE1, E-2. She does not specify who deprived her of drinking water or medical attention, when she was deprived of these services, where she was when she was deprived of these services, or even how she was deprived of these services. *Id*. She simply makes a blanket statement that law enforcement deprived her of water and deprived her of medical attention when they called Defendant Garza to "magistrate (her)."

12. These are not sufficient factual allegations, even when taken as true, to entitle Plaintiff to any relief against Defendant Garza because the facts are not alleged against Defendant Garza but against other individuals. Plaintiff alleges that Defendant Gonzalez made the false 911 call and neither her deprivation of water or medical attention is attributed to

...

Defendant Garza. As a result, even if the allegations were considered sufficiently specific as to state a plausible claim for relief, which they are not, they would not state a claim against Defendant Garza. As a result, all claims against Defendant Garza should be dismissed as a matter of law.

13. Plaintiff also alleges that Defendant Garza violated her oath of office, however, she does not allege how the oath was violated or even what the oath was. As a result, this kind of blanket and conclusory allegation, without being supported by further facts, is not sufficient to survive a Rule 12(b)(6) motion.

14. Even if such a blanket and unspecified allegation was accepted by this Court, a violation of an oath of office would not constitute a breach of contract as alleged by the Plaintiff. An oath of office is not a contract between the Plaintiff and Defendant Garza and individuals cannot recover for breach of contract even if an oath of office is violated. *Blakely*, 360 F. Supp. 3d at 491 ("any claims based on the allegedly invalid oaths of office or the failure to take oaths of office, including Plaintiffs' breach of contract claims, should be dismissed for failure to state a claim upon which relief can be granted.").

15. Plaintiff's pleading is simply devoid of facts that would ever subject Defendant Garza to any liability. It offers only the kind of "naked assertions" that were rejected in both *Papasan* and *Iqbal* and which will not present "a claim to relief that is plausible on its face" as required by *Twombly*. Even if the deficient factual allegations were accepted, they are not alleged against Defendant Garza and would not support the claims levied against her. As a result, the Court should grant Defendant Garza's motion to dismiss pursuant to Rule 12(b)(6).

16.

## IV. Conclusion

16. Defendant Garza requests that this Court grant Defendant Marissa Garza's Motion to Dismiss Pursuant to Rule 12(b)(6). Plaintiff has failed to state any claim against Defendant Garza, a Justice of the Peace, for which relief may be granted.

WHEREFOR, Defendant Garza requests that this Court grant Defendant Marissa Garza's Motion to Dismiss Pursuant to Rule 12(b)(6) and grant Defendant Garza all other costs and relief to which she might be entitled.

Respectfully submitted,

By: /s/ Patrick M. Martinez

James McKibben
*Attorney-In-Charge*
Southern District ID No. 914
State Bar No. 13713000
Patrick Martinez
*Of Counsel*
Southern District ID No. 13314
State Bar No. 13143440
*McKIBBEN, MARTINEZ, JARVIS & WOOD, L.L.P.*
1100 Tower II - 555 N. Carancahua
Corpus Christi, Texas 78401-0841
Telephone: 361.882.6611
Facsimile: 361.883.8353
jmckibben@mcv-law.com
pmartinez@mmjw-law.com

**ATTORNEYS FOR DEFENDANT, MARISSA GARZA**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded, *VIA ELECTRONIC FILING,* to the below listed counsel, in accordance with the Federal Rules of Civil Procedure on January 12, 2024.

Via E-Mail:   tomilee535@gmail.com
& U.S. REGULAR MAIL
& U.S. CMRRR #7006 0100 0003 0998 0579
Mr. Tomilee Ramirez
605 N. Rigma Avenue
Hebbronville, Texas 78361
(Pro Se Plaintiff)

VIA E-FILING
Mr. Julio A. Garcia, Jr.
THE GARCIA FIRM, P.L.L.C.
5829 Northgate Lane
Laredo, Texas 78041
(Attorneys for Co-Defendant, Destiny A. Gonzalez)


/s/ Patrick M. Martinez
Patrick M. Martinez