IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TOMILEE RAMIREZ | § | |
| | § | |
| Vs. | § | C.A. NO. 5:23-CV-140 |
| | § | |
| MARISSA GARZA AND | § | JUDGE DIANA SALDANA |
| DESTINY A. GONZALEZ | § | |

**DEFENDANT, MARISSA GARZA'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT MARISSA GARZA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE MAGISTRATE JUDGE DIANA SONG QUIROGA:

COME NOW Marissa Garza, Defendant in the above-entitled and numbered cause presents this Reply to Plaintiff's Response and Opposition to Defendant Marissa Garza's Motion to Dismiss Pursuant to Rule 12(b)(6) argues as follows to this Honorable Court:

**I.    Introduction**

1. Defendant Marissa Garza has submitted a Motion to Dismiss Pursuant to Rule 12(b)(6), seeking the complete dismissal of the claims against her because the Plaintiff's pleadings do not state sufficient facts or allegations to entitle her to relief against Defendant Garza. The Motion also argues that because Defendant Garza is a Justice of the Peace, she is entitled to immunity, as all of Plaintiff's claims arise out of alleged actions she took and did not take when acting as a judge adjudicating a criminal matter Plaintiff was involved in.

2. Plaintiff submitted what she calls "Plaintiff's Response and Opposition to Defendant Marissa Garza's Motion to Dismiss Pursuant to Rule 12(b)(6)."

3. The Response does not address any of the pleading deficiencies at issue in Defendant's Motion to Dismiss, and it is not signed as required by the Federal Rules of Evidence. The

Response makes even clearer that all claims against Defendant Garza arise out of actions and inactions taken in her role as a Justice of the Peace; Defendant Garza is immune to such claims. Additionally, it should be pointed out that the cases cited by the pro se Plaintiff are misrepresented in their response and do not support her argument against Defendant Garza's immunity.

## II. Argument and Law

### a. Plaintiff wholly ignores Defendant's argument that the pleadings are clearly deficient and do not state a claim for which relief can be granted

4. Defendant Garza argues in her Motion to Dismiss that the Plaintiff has failed to substantively plead any claims for which relief can be granted. This is both because the pleadings are devoid of sufficient specific facts to support any claim and because the facts that are alleged make clear that Defendant Garza is entitled to immunity.

5. Plaintiff does not argue that her pleadings are sufficient to lay out a claim upon which relief may be granted. Instead, she merely reframes the same "facts" asserted in her pleadings. To summarize, she alleges that Defendant Garza acted as the magistrate in her criminal case and that she refused to release the Plaintiff. She clarifies that this refusal to release her is the basis for her claims against Defendant Garza.

6. A Rule 12(b)(6) motion to dismiss addresses only those facts alleged in the pleadings. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Facts alleged elsewhere, such as in response to a motion to dismiss, are not relevant to a Rule 12(b)(6) motion to dismiss. *Id*. As a result, the Plaintiff here has not addressed any of Defendant Garza's arguments regarding the deficiencies in her pleadings.

7. Additionally, the Response makes clear that all of the claims against Defendant Garza arise out of actions she took as a judge. The response and pleadings make clear that Defendant

2

Garza is a magistrate who adjudicated a criminal proceeding Plaintiff was a defendant in, and that the claims arise out actions and decisions Defendant Garza made as a judge adjudicating the Plaintiff's case. Defendant Garza is entitled to complete immunity to claims that arise out of actions taken as a judge. *Black v. Griffin*, 638 F. App'x 371, 373 (5th Cir. 2016). As a result, the pleadings and the Response do not allege facts that would give rise to a claim upon which relief may be granted.

b. **Plaintiff's arguments and case citations regarding immunity are deceptive and inaccurate**

8. Plaintiff does attempt to cite to a number of cases to support her argument that Defendant Garza does not maintain immunity to the claims against her. However, none of the cases she cites pertain to or address judicial immunity. Plaintiff "contends the defendant Garza does not retain immunity" and cites to *U.S. v Throckmorton*, a case from 1878 that addressed the validity of a Mexican land grant – it has nothing to do with judicial immunity and does not address that issue at all. See *United States v. Throckmorton*, 98 U.S. 61, 62 (1878). None of the other cases cited by Plaintiff address the issue of judicial immunity, and are thus irrelevant to Defendant Garza's argument that she is immune to Plaintiff's claims. See *Owen v. Independence*, 445 U.S. 622, 624, 100 S. Ct. 1398, 1402 (1980); *Maine v. Thiboutot*, 448 U.S. 1, 2, 100 S. Ct. 2502, 2503 (1980); *Hafer v. Melo*, 502 U.S. 21, 23, 112 S. Ct. 358, 360 (1991); *COOPER v. AARON*, 358 U.S. 1, 18, 78 S. Ct. 1401, 1410 (1958).[1] Despite Plaintiff framing these cases as supporting some argument that immunity should not apply, in reality the cases do not address the issue of judicial immunity at all.

9. The cases cited by Defendant Garza clearly establish that judges are entitled to immunity

---

[1] These cases, cited by Plaintiff, deal with municipal immunity, the immunity of various government employees, and even elected officials, but they do not address judicial immunity.

        from civil suits against them for actions taken in the course of executing their judicial duties. The Plaintiff's pleadings make clear that Defendant Garza was a magistrate presiding over Plaintiff's criminal case. The pleadings also make clear that Plaintiff's claims against Defendant Garza arise out of actions taken by Defendant Garza in adjudicating that criminal matter. According to Plaintiff's pleadings, Defendant Garza did not release Plaintiff from custody, and Plaintiff's claims now amount to a general complaint that Defendant Garza did not release Plaintiff.

10. Defendant Garza is immune to claims which arise out of actions she took as a judge adjudicating the Plaintiff's criminal matter. None of the cases cited by Plaintiff address the issue of judicial immunity, which is an immunity from suit that is well established and longstanding. Because Defendant Garza is immune to all claims against her, Plaintiff has failed to state a claim upon which relief may be granted and her claims should be dismissed at this time.

### III. Conclusion

11. Plaintiff has wholly and completely ignored Defendant Garza's argument that her pleadings do not allege sufficient facts to support any claim for which this court may grant relief. Her Response largely just restates or reframes the same conclusory facts stated in her pleadings which gave rise to the instant Motion to Dismiss. Plaintiff's pleadings are still insufficient and deficient on their face as a matter of law.

12. Pro se Plaintiff misreads, misinterprets, and/or misrepresents the cases she cites in her response. The cited cases do not address the issue of judicial immunity whatsoever. Magistrates such as Defendant Garza are entitled to immunity from suits arising out of any actions they took as judges. Complainants such as Plaintiff cannot bring suit against judges

simply because they do not agree with their rulings.

WHEREFOR, Defendant Garza requests that this Court grant Defendant Marissa Garza's Motion to Dismiss Pursuant to Rule 12(b)(6) and grant Defendant Garza all other costs and relief to which she might be entitled.

        Respectfully submitted,

By: /s/ Patrick M. Martinez
James McKibben
*Attorney-In-Charge*
Southern District ID No. 914
State Bar No. 13713000
Patrick Martinez
*Of Counsel*
Southern District ID No. 13314
State Bar No. 13143440
*McKIBBEN, MARTINEZ, JARVIS & WOOD, L.L.P.*
1100 Tower II - 555 N. Carancahua
Corpus Christi, Texas 78401-0841
Telephone: 361.882.6611
Facsimile: 361.883.8353
**jmckibben@mcv-law.com**
**pmartinez@mmjw-law.com**

**ATTORNEYS FOR DEFENDANT, MARISSA GARZA**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded, ***VIA ELECTRONIC FILING,*** to the below listed counsel, in accordance with the Federal Rules of Civil Procedure on January 18, 2024.

    Via E-Mail:   tomilee535@gmail.com
    & U.S. REGULAR MAIL
    & U.S. CMRRR #7006 0100 0003 0998 0678
    Tomilee Ramirez
    605 N. Rigma Avenue
    Hebbronville, Texas 78361
    (Pro Se Plaintiff)

    VIA E-FILING
    Julio A. Garcia, Jr.
    THE GARCIA FIRM, P.L.L.C.
    5829 Northgate Lane
    Laredo, Texas 78041
    (Attorneys for Co-Defendant, Destiny A. Gonzalez)

                                     /s/ Patrick M. Martinez
                                     Patrick M. Martinez