IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States Courts
Southern District of Texas
FILED

JAN 2 5 2024 RLT

Nathan Ochsner, Clerk
Laredo Division

| | |
|---|---|
| TOMILEE RAMIREZ | § |
| | § |
| Vs. | § C.A. NO. 5:23-CV-140 |
| | § |
| MARISSA GARZA AND | § JUDGE DIANA SALDANA |
| DESTINY A. GONZALEZ | § |

TO THE HONORABLE MAGISTRATE JUDGE DIANA SONG QUIROGA:

COME NOW Tomilee Ramirez, Plaintiff in the above-entitled and numbered cause presents this Response to defendant's REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT MARISSA GARZA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) the plaintiff argues as follows to this Honorable Court:

Any claim of immunity which a government official can possibly make is a fraud, because if it was valid it would prevent removal from office for crimes against the people, such removal is authorized and even mandated under the constitution for the united states of america.

1. The Defendant, Marissa Garza, has filed a Motion to Dismiss Pursuant to Rule 12(b)(6), seeking the comprehensive dismissal of the claims asserted against her on the grounds that the Plaintiff's pleadings lack adequate facts or allegations to confer entitlement to relief against Defendant Garza. Furthermore, the Motion posits that Defendant Garza, being a Justice of the Peace, is entitled to immunity, given that all of the Plaintiff's claims

2

emanate from purported actions taken and omitted while discharging judicial duties in the adjudication of a criminal matter in which Plaintiff Ramirez was a participant.

Plaintiff Ramirez asserts, under 18 USC §242, that willful actions leading to the deprivation of rights secured by the Constitution or laws of the United States may result in fines, imprisonment, or both. Additionally, referencing 18 USC §245, Plaintiff contends that intimidation or interference with an individual's participation in or enjoyment of benefits provided by the United States is proscribed, and violators may incur fines, imprisonment, or both.

Repeatedly articulated by the Plaintiff, the assertion is made that the Defendant was in violation of 18 USC §242 when she declined to magistrate the Plaintiff, as directed by Jim Hogg County Sheriff Erasmo Alacron. It is further contended that Defendant Garza breached 18 USC §245, thereby infringing on the Plaintiff's First Amendment rights, when she chose to issue a warrant for Plaintiff Tomilee Ramirez based on a 911 call by Destiny Gonzalez, not out of genuine fear for life but due to disagreement or dislike of information being disseminated to the public. This allegedly arbitrary arrest occurred in May of 2023.

2. I trust this communication finds you well. I am writing on behalf of Plaintiff Tomilee Ramirez in response to the assertions made regarding the Plaintiff's understanding and response to Defendant Marissa Garza's filings, particularly the "Plaintiff's Response and Opposition to Defendant Marissa Garza's Motion to Dismiss Pursuant to Rule 12(b)(6)."

Plaintiff's Understanding:

a. Plaintiff Tomilee Ramirez acknowledges the receipt of Defendant Marissa Garza's Motion to Dismiss and asserts that while she diligently responds in a timely manner to the filings, it does not necessarily imply a complete comprehension of the legal nuances contained therein. The Plaintiff wishes to emphasize that despite her best efforts, the intricacies of legal filings, including those submitted by Defendant Garza and her counsel, may pose challenges to her understanding.

. Response to Motion to Dismiss, Addressing Pleading Deficiencies:

b. Plaintiff's Response, as titled, is an earnest attempt to engage with Defendant Garza's Motion to Dismiss. It is acknowledged that the Response may not comprehensively address all the pleading deficiencies

raised by Defendant Garza. Plaintiff assures the court that any omissions or oversights are not indicative of a lack of diligence but rather an inherent challenge in navigating the legal intricacies as a pro se litigant.

Signature Requirement:

It is noted that the Response is identified as lacking a signature as required by the Federal Rules of Evidence. Plaintiff acknowledges this oversight and hereby rectifies it by affirming her consent and approval of the Response through this communication.

Misrepresentation of Cases:

Plaintiff Ramirez takes note of the assertion that cases cited in her response are allegedly misrepresented and do not support her argument against Defendant Garza's immunity. Plaintiff maintains that her efforts in citing relevant legal authorities are made in good faith, but acknowledges that legal interpretation may vary.

Due Diligence and Limited Resources:

Plaintiff Tomilee Ramirez, as a pro se litigant, operates within the constraints of limited legal resources and acknowledges the challenges

associated with navigating complex legal matters. The Plaintiff commits to continuing her diligent efforts to comprehend and respond effectively to Defendant's filings.

In light of the above, Plaintiff Tomilee Ramirez respectfully requests the court's understanding and consideration of the inherent challenges faced by a pro se litigant. We remain committed to engaging in this legal process in a fair and just manner.

3. Defendant Claims Plaintiff wholly ignores Defendant's argument that the pleadings are clearly deficient and do not state a claim for which relief can be granted, this is what was stated:

Now comes affiant Tomilee Ramirez, Sui Juris, asserting my rights as one of the people. The initial suit stems from the alleged willful actions of Defendant Marissa Garza, acting under color of law, resulting in the deprivation of rights secured by the Constitution or laws of the United States, as outlined in 18 USC §242 and 18 USC §245. Additionally, 42 USC

§1983 provides a remedy for the violation of constitutional rights under color of law.

FACTUAL BACKGROUND:

Defendant Garza, upon the order of Jim Hogg County Sheriff Erasmo Alacron, refused to magistrate the plaintiff for release. Instead, a heated argument ensued, witnessed by multiple individuals at the Jim Hogg County Sheriff Department, leading to Defendant Garza's refusal to comply with the sheriff's order.

Plaintiff contends that Defendant Garza lacked jurisdiction to issue a warrant without conducting an investigation and questioning the plaintiff. It is asserted that Defendant Garza's failure to provide an opportunity for the plaintiff to state a demurrer constitutes a violation of due process.

Defendant Destiny Gonzalez allegedly contacted Defendant Garza to initiate a suit against Plaintiff Tomilee Ramirez in May of 2023. The present suit is initiated by Plaintiff Tomilee Ramirez to clear her name of allegations made by Destiny Gonzalez and seeks restitution for unlawful imprisonment, conspiracy against rights (18 USC §241),

and being denied provisions in the constitution (18 USC §3571), including liberty. The deprivation of liberty is highlighted, encompassing a significant restriction in freedom due to continuous supervision and control, stemming from arbitrary or unlawful detention.

CLAIM FOR RELIEF:

In accordance with **18 USC §242, 18 USC §245, and 42 USC §1983**, Plaintiff Tomilee Ramirez seeks relief against Defendant Marissa Garza for the alleged willful deprivation of rights secured by the Constitution or laws of the United States, interference with benefits provided by the United States, and violations under color of law. *Official Oppression (Class A Misdemeanor):* **punishable by up to one year in county jail and a fine of up to $4,000.**

- **Texas Penal Code Section 39.03 defines official oppression as a public servant (including law enforcement officers) intentionally subjecting another person to physical force, arrest, detention, or any other action that he or she knows is unlawful.**

*Official Oppression (Class A Misdemeanor):* **punishable by up to one year in county jail and a fine of up to $4,000.**

- **Texas Penal Code Section 39.03 defines official oppression as a public servant (including law enforcement officers) intentionally subjecting**

**another person to physical force, arrest, detention, or any other action that he or she knows is unlawful.**

II. Argument and Law

a. Now comes Plaintiff Tomilee Ramirez in response to Defendant Marissa Garza's assertions in the Motion to Dismiss, addressing the legal arguments presented.

**I. Violation of Rights Under Color-of-Law:**

4. Federal law explicitly criminalizes the violation of citizens' rights under the color-of-law, making individuals subject to arrest and personal liability for civil damages. Pursuant to 18 USC §242, 18 USC §245, and 42 USC §1983, a person acting under the color of law may be held accountable for willfully depriving individuals of their constitutional rights.

9

## **II. Response to Motion to Dismiss:**

### a. **Deficient Pleadings:**

5. Plaintiff denies the claim that her pleadings are deficient and asserts that the Response submitted was a legitimate effort to engage with Defendant's Motion to Dismiss. While the legal intricacies may be challenging, Plaintiff diligently participates in the legal process and seeks due process.

### b. **Jurisdiction and Immunity:**

In response to the Defendant's assertion of immunity, the Plaintiff acknowledges the claim but argues that the asserted claims do not stem solely from the actions of a judge. Specifically, the Plaintiff asserts that the claims arise from the Defendant's role as a magistrate adjudicating the Plaintiff's criminal case. The Plaintiff invokes Article II, Section 4 of the United States Constitution, which states that civil officers, including judges, can be removed from office on impeachment for high crimes and misdemeanors.

The Plaintiff emphasizes that judges adjudicating criminal matters are considered civil officers. Whether presiding over civil or criminal cases, judges are generally classified as civil officers, holding a public office within the legal system. Their responsibilities include interpreting and applying the law, ensuring fair and just proceedings, making legal determinations, and imposing sentences when necessary.

It is crucial to note that the term "civil officer" is broad and includes various government officials, with judges falling within this category. For civil officers, misdemeanors may involve lesser criminal offenses compared to felonies. Examples of misdemeanors for civil officers, such as judges, include:

Misconduct: Engaging in behavior that violates ethical standards or rules of conduct for judges.

Abuse of Authority: Using one's position as a judge for personal benefits or advantage in an inappropriate or illegal manner.

Obstruction of Justice: Taking actions that hinder the administration of justice, such as interfering with court proceedings or investigations.

Bribery or Corruption: Accepting or offering bribes, engaging in corrupt practices, or any other form of unethical influence.

Perjury: Providing false information or lying under oath.

The Plaintiff's Response underscores that the Defendant's refusal to comply with a direct order from the Jim Hogg County Sheriff, along with all previously stated facts, indicates potential gross negligence, `official misconduct, incompetence,` and but not limited to abuse of authority as stated in `Sec. 87.013.` GENERAL GROUNDS FOR REMOVAL. The Plaintiff contends that the Defendant should not retain immunity based on these relevant facts and other facts previously stated. As no one is above the law regardless of their position. What's right is right even if only one person makes the choice and what is wrong is wrong even if a multitude of people are making the choice.

**III. Plaintiff's Arguments and Case Citations:**

a. **Deceptive and Inaccurate Claims:**

7. Plaintiff maintains that her citations aim to challenge the applicability of immunity in this specific context. While Defendant asserts judicial immunity, Plaintiff argues that the cited cases address broader issues related to municipal immunity and the immunity of government employees, making them relevant to the overall argument.

b. **Immunity of Judges:**

8. Plaintiff acknowledges the well-established principle of judicial immunity but asserts that the circumstances surrounding Defendant Garza's actions warrant scrutiny. Plaintiff argues that Defendant's actions as a magistrate, not just a judge, fall outside the scope of absolute immunity.

**IV. Conclusion:**

9. In conclusion, Plaintiff reiterates her commitment to pursuing justice and emphasizes the specific circumstances surrounding Defendant Garza's actions. Plaintiff respectfully requests the court to consider the nuanced nature of the case and denies any intentional misrepresentation of legal principles.

WHEREAS, Plaintiff Tomilee Ramirez respectfully requests this Court to award her all applicable costs and relief as per the merits of her claims. In the event the court deems that the plaintiff is not entitled to any relief, the plaintiff, as an alternative, implores the court to address the peace bond issued on the plaintiff by defendant garza, address the plaintiffs want for record expungement due to wrongful/arbitrary arrest, grant a constitutional injunction previously submitted.

I respectfully seek the issuance of a constitutional injunction aimed at preventing any encroachment upon Tomilee Ramirez's unalienable, human, civil, constitutional, and God-given rights. It is requested that this injunction be of indefinite duration to ensure enduring protection of these rights.

I express sincere hope that a swift and equitable resolution can be achieved to safeguard the fundamental rights of Tomilee Ramirez. Your attention to this pressing matter is greatly appreciated, and I trust that this court will act in harmony with the principles of justice and constitutional law as U.S. SUPREME COURT DECISION —

"All codes, rules, and regulations are for government authorities ONLY, not human/Creators in accordance with God's Laws. All codes, rules and regulations are unconstitutional and lacking due process..." – Rodriques v. Ray Donavan, U.S. Department of Labor, 769 F. 2d,1344, 1348 (1985).

**FURTHER AFFIANT SAYETH NAUGHT.**

Tomilee Ramirez

- _(signature)_
- Plaintiff Signature



JANUARY 22, 2024

15