United States Courts
Southern District of Texas
FILED

*September 04, 2024*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

**TOMILEE RAMIREZ,**
*Plaintiff,*

V.                                                                                  **C.A. NO. 5:23-CV-140**

**MARISSA GARZA AND DESTINY GONZALEZ,**
*Defendants.*

---

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
AND REQUEST FOR DENIAL OF MOTION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

**I. Introduction**

Plaintiff, Tomilee Ramirez, respectfully submits this Supplemental Opposition to Defendants' Motion to Dismiss filed under Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff has previously filed an opposition to Defendants' motion and now supplements that opposition with additional legal argument and authorities.

**II. Judicial Immunity Does Not Apply in Cases of Clear Absence of Jurisdiction**

Plaintiff asserts that the actions taken by the Justice of the Peace (JP) in this case were in clear absence of all jurisdiction and therefore, judicial immunity does not protect the JP from liability. In support of this contention, Plaintiff cites the United States Supreme Court decision in **Stump v. Sparkman, 435 U.S. 349 (1978)**, which provides:

> "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the

action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the clear absence of all jurisdiction."

Plaintiff contends that the actions of the JP in this case were entirely outside the lawful scope of their jurisdiction and, as such, the JP should not be shielded by judicial immunity. The JP's actions were not merely erroneous or excessive but constituted a complete lack of jurisdiction, thus falling within the exception to judicial immunity established by **Stump v. Sparkman**.

### III. Request for Denial of Defendants' Motion to Dismiss

Given the clear legal precedent that a judge or JP is subject to liability when acting in the clear absence of jurisdiction, Plaintiff respectfully requests that this Honorable Court deny the Defendants' Motion to Dismiss.

### IV. Conclusion

For the foregoing reasons, and those set forth in Plaintiff's previously filed Opposition to Defendants' Motion to Dismiss, Plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss in its entirety.

**Respectfully submitted,**
Plaintiff, Pro Se
Tomilee Ramirez

605 N RIGMA
HEBBRONVILLE TEXAS 78361
210-895-2238
TOMILEE535@GMAIL.COM

*/s/ Tomilee Ramirez*